UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BETTY MOORE                                                                                   PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 3:22-CV-687-HTW-RPM

COMMISSIONER OF SOCIAL
SECURITY                                                                                      DEFENDANT

## REPORT AND RECOMMENDATION

On November 29, 2022, Betty Moore filed a complaint appealing from the Commissioner of Social Security's denial of disability insurance and supplemental security income disability benefits. On March 5, 2023, the Commissioner filed a motion to dismiss arguing that Moore's civil action is untimely. Doc. [5]. The Appeals Council issued a decision on September 8, 2022. According to the Commissioner, Moore had 60 days from receipt of that decision, or until November 14, 2022, to file the instant civil action. The Commissioner argues that Moore's complaint filed on November 29, 2022, was 15 days too late.

It is undisputed that Moore filed her complaint beyond the 60-day deadline. However, Moore cites to 20 C.F.R. § 404.911 and argues that good cause exists for missing the deadline. Doc. [7]. Moore's counsel represents that he placed the complaint in the mail on November 4, 2022—ten days in advance of the November 14th deadline. *Id.* at 2. In support of counsel's good-cause argument, he deposited a $402.00 filing fee into his trust account on November 1, 2022, and wrote a check dated November 1, 2022, to the U.S. District Court for payment of the filing fee. A copy of the check record is attached as an exhibit to Moore's response. Doc. [7-1]. The undersigned also notes that counsel dated the complaint November 1, 2022. Moore submitted the affidavit of Vivian Sanders, legal secretary to Plaintiff's counsel. Doc. [8]. Ms.

Sanders states that she placed Moore's complaint in the mail on November 4, 2022. Ms. Sanders received a telephone call from the Clerk's office indicating that the complaint had been received after the 60-day deadline, but it had been postmarked prior to the deadline for filing. According to Ms. Sanders, the Clerk also told her they had "noticed problems with the mail recently."

The Fifth Circuit has upheld the 60-day statute of limitations for filing social security complaints. *See Flores v. Sullivan* , 945 F.2d 109, 111-13 (5th Cir. 1991). The good cause standard cited by Moore applies only when a claimant is requesting that the Appeals Council extend the deadline for filing a complaint in federal district court. *See Jackson v. Astrue*, 506 F.3d 1349, 1355-56 (11th Cir. 2007) (citing 20 C.F.R. 416.1482). When a court is asked to toll a congressionally mandated statute of limitations, the claimant is required to justify untimeliness by showing extraordinary circumstances. *Id.* at 1356. If a claimant does not timely file her complaint in federal court or obtain an extension of time from the Appeals Council, she still may invoke the doctrine of equitable tolling in appropriate situations. *See Flores*, 945 F.2d at 113. The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "In rare cases, courts may toll [the 60-day limitations period] when 'the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citation omitted). Such equitable tolling should only be applied sparingly, and it is rare that a social security case "will present equities strong enough to toll limitations." *Marse v. Dep't of Health & Huma Servs.*, No. 92-9501, 1993 WL 307916, at *1 (5th Cir. 1993).

The mere act of mailing a civil complaint prior to the expiration of the limitations period is not sufficient by itself to justify tolling the limitations period in social security cases. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007); *Marty v. Berryhill*, No. 5:17-cv-03673, 2018 WL 1790343, at *3 (E.D.Penn. Apr. 13, 2018); *Clark v. Comm'r of Soc. Sec.*, 1:11-cv-1255, 2012 WL 1830218, at *3–4 (W.D.Mich. May 18, 2012); *Banks v. Astrue*, No. 1:09cv-00022-J, 2009 WL 2046861, at *4 (W.D.Ky. July 13, 2009). However, the undersigned finds that tolling is justified in the instant case because Plaintiff's counsel mailed the complaint in sufficient time to be accepted and filed by the Court prior to the expiration of the limitations period. *See O'Bryant v. Colvin*, No. 5:13-cv-338-KGB-JTR, 2015 WL 4395567, at *4 (E.D.Ark. July 16, 2015); *Brown v. Comm'r Soc. Sec.*, No. 4:12–cv–80, 2013 WL 1759566, at *3 (E.D.Tenn. Mar. 29, 2013). Moore pursued her rights diligently. The complaint inexplicably did not arrive at the clerk's office until 25 days after it was mailed, through no fault of Moore or her counsel. Under these facts, the undersigned recommends the limitations period be tolled and that the Commissioner's motion to dismiss the complaint be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Commissioner's [5] Motion to Dismiss be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall

file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 25th day of August 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE